JB

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Arnold G. Phillips, M.D., | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) |
| Illinois Department of Financial and | ) |
| Professional Regulation, | ) |
| | ) |
| Division of Professional Regulation | ) |
| of the Illinois Department of Financial | ) |
| and Professional Regulation, | ) |
| | ) |
| Cecilia Abundis | ) |
| in her individual capacity, | ) |
| | ) |
| David Igasaki | ) |
| in his individual capacity, | ) |
| | ) |
| Laura Forester | ) |
| in her individual capacity, | ) |
| | ) |
| Mark Thompson | ) |
| in his individual capacity, | ) |
| | ) |
| Peter M.C. Hoffman, M.D. | ) |
| in his individual capacity, | ) |
| | ) |
| John and Jane Doe, employees of the | ) |
| Illinois Department of Financial and | ) |
| Professional Regulation in their | ) |
| individual capacities, | ) |
| | ) |
| **Defendants.** | ) |

F I L E D

JAN 26 2023 SMB

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

23-cv-490
Judge Blakey
Magistrate Judge Cole
RANDOM

## COMPLAINT

NOW COMES the Plaintiff, Arnold G. Phillips, M.D., *pro se*, and complains of Defendants Illinois

Department of Financial and Professional Regulation, the Division of Professional Regulation of the Illinois

Department of Financial and Professional Regulation, and in their individual capacities Cecilia Abundis, David

Igasaki, Laura Forester, Mark Thompson, Peter M.C. Hoffman, M.D. and John and Jane Doe as employees of

the Illinois Department of Financial and Professional Regulation.

## INTRODUCTION

1.      The standard of procedural due process is notice. Before the deprivation of a protected property interest, notice and an opportunity to be heard are imperative. Dr. Phillips was again denied those rights when the Defendants inactivated his medical license without notice or hearing. Indeed, the Illinois Medical Disciplinary Board has failed to respond to my letter requesting petitioning the Board for medical license restoration. See Exhibit A.

## JURISDICTION AND VENUE

2.      This action arises under the Fourteenth Amendment to the United States Constitution and federal statutes 42 U.S.C. §§ 1983 and 1988. The Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343.

3.      Jurisdiction further exists under the Declaratory Judgment Act. 28 U.S.C. § 2201.

4.      Venue exists in the Northern District of Illinois under 28 U.S.C. § 1391 as the events occurred in Chicago and Dr. Phillips resides in this judicial district.

## THE PARTIES

5.      Plaintiff Arnold G. Phillips is a medical doctor residing in the State of Illinois.

6.      Defendant Illinois Department of Financial and Professional Regulation ("IDFPR") is an administrative agency of the State of Illinois.

7.      Defendant Illinois Division of Professional Regulation ("DPR") is a division within an administrative agency of the State of Illinois.

8.      Defendant Cecilia Abundis is the current director of the Illinois Division of Professional Regulation of the Illinois Department of Financial and Professional Regulation and acted within the scope of her employment with DPR and under color of state law.

9.      Defendant David Igasaki was a State Staff Attorney employed by the Illinois Department of Financial and Professional Regulation and acted within the scope of his employment with IDFPR and under color of state law.

10.     Defendant Laura Forester was an attorney employed as Chief of Medical Prosecutions by the Illinois Division of Professional Regulation and the supervisor of David Igasaki and acted within the scope of her employment with DPR and under color of state law.

2

11.     Defendant Mark Thompson is an attorney employed by the Illinois Department of Financial and Professional Regulation as a Deputy General Counsel, one of four, and the supervisor of Laura Forester and acted within the scope of his employment with IDFPR and under color of state law.

12.     Defendant Dr. Peter M.C. Hoffman is a medical doctor employed and/or retained by the Illinois Division of Professional Regulation as Chairman of the Illinois Medical Disciplinary Board and acted within the scope of his employment and/or retention and/or as an agent within the DPR of the IDFPR and under color of state law.

13.     Unknown Defendants John and Jane Doe work in the IDFPR. At all relevant times, John and Jane Doe were employed by and acted within the scope of their employment with IDFPR and under color of state law.

<strong>FACTS</strong>

14.     Dr. Arnold G. Phillips signed a "Settlement Agreement and General Release", in the U.S. District Court, Chicago, 16-cv-11157, with the Illinois Department of Financial and Professional Regulation on April 27, 2021.

15.     The decision in Mr. David Igasaki's appeal, 18-3351, to the United States Court of Appeals for the Seventh Circuit was filed by the Court on February 17, 2021. This appeal followed the dismissal by the U.S. District Court, Chicago, of Mr. Igasaki's lawsuit contesting the job action taken against him by the State of Illinois.

<strong>Count I<br>Declaratory Judgment Act</strong>

16.     Dr, Phillips incorporates by reference Paragraphs 1-15.

17.     The Declaratory Judgment Act provides that in a case of actual controversy within its jurisdiction, any district court may declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201(a). "Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id*.

18.     There is an actual controversy sufficient to warrant a declaratory judgment here. Due to the Defendants' wrongful acts, Dr. Phillips has suffered and continues to suffer an injury in fact: financial damages, harm to his personal and professional reputation, and emotional distress.

19.     Dr. Phillips will suffer continued hardship - future financial damages, continued emotional distress, continued harm to his personal and professional reputation - if the Court denies declaratory relief.

20.     The public interest favors declaratory relief because government employees should abide by the law, and a previously licensed physician should be able to practice medicine without improper discipline and repeated unilateral meddling with his license.

WHEREFORE, Plaintiff Dr. Phillips prays the Court award:

A.     Monetary damages pursuant 28 U.S.C. § 2202 necessary to effectuate relief;

B.     A permanent injunction enjoining the Defendants from engaging in the practices complained of here;

C.     A declaratory judgment that Dr. Phillips' medical license was incorrectly placed on "Inactive" or "Expired" or "Suspended" or "Revoked" status and thus was never actually "Inactivated" or "Expired" or "Suspended" or "Revoked".

D.     The Court retain jurisdiction until it is assured that the Defendants have remedied the practices complained of here and comply with the law; and,

E.     An award of reasonable attorney's fees where applicable, costs, litigation expenses, and such other relief as the Court deems just.

## Count II
## Violation of 42 U.S.C. § 1983

21.     Dr. Phillips incorporates by reference Paragraphs 1-20.

22.     The Fourteenth Amendment of the United States Constitution guarantees that no State shall "deprive any person of life, liberty or property without due process of law." U.S. CONST. AMEND. XIV.

23.     42 U.S.C. § 1983 provides: "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States, or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

25.     At all relevant times, Defendants Cecilia Abundis, David Igasaki, Laura Forester, Mark Thompson, Peter M.C. Hoffman, M.D., and unknown John and Jane Doe were agents or employees of the State of Illinois.

26.     At all relevant times, Defendants Cecilia Abundis, David Igasaki, Laura Forester, Mark Thompson,

4

Peter M.C. Hoffman, M.D., and unknown John and Jane Doe had an obligation and duty to comply with Illinois and federal law when determining whether to impose discipline on a medical practitioner.

26.     At all relevant times, Defendants Cecilia Abundis, David Igasaki, Laura Forester, Mark Thompson, Peter M.C. Hoffman, M.D., and unknown John and Jane Doe had an obligation and duty to comply with Illinois and federal law when determining whether to impose discipline on a medical practitioner.

27.     Plaintiff Dr. Phillips has at all times possessed a present entitlement to the benefits of his previously-issued medical license which constitutes a protected property interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. This includes, but is not limited to Defendant Igasaki's demands in his original DPR complaint that Dr. Phillips perform certain medical functions illegally contrary to Illinois and federal laws and to Defendant Dr. Hoffman not responding to Dr. Phillips' "Letter of Petition" thus suspending and/or revoking Dr. Phillips' medical license and livelihood. See Exhibit A.

28.     Nowhere in Defendant Igasaki's original DPR complaint does he state why Plaintiff Dr. Phillips should perform illegal acts. Dr. Phillips used an intravenous injection of a radioactive pharmaceutical to perform a Nuclear Medicine bone scan. This is how this Nuclear Medicine procedure is performed everywhere on this planet. In the U.S.A. the radioactive pharmaceutical is a prescription item and reasons for its use have to be obtained. These reasons are obtained by means of a history and physical exam. This is the law. Yet Mr. Igasaki stated that I was wrongfully per-forming a history and physical exam, and should be disciplined and punished. To whom was Mr, Igasaki listening: to Dr. Charles Neal who never practiced Nuclear Medicine a day in his life, the kind of "weak witness" as stated in the decision of the 7th Circuit in 18-3351? Or was Mr. Igasaki preoccupied with bed bugs as described in the State's own appeal defense brief which is Doc. 33 in No. 18-3351? Mr. Igasaki continued to work on my case, and he signed the "Final Order". If Mr. Igasaki did not understand that prescription items require reasons, obtained by actually seeing the patient and doing a history and physical exam, then other State staff attorneys employed by the Division of Professional Regulation of the IDFPR understood this perfectly. For example, when "Viagra" was initially released for treatment of erectile dysfunction, many members of the male population were clamoring for the "little blue pill". And, certain licensed medical doctors were calling pharmacies to prescribe Viagra. Those doctors had not performed a history and

physical exam on the patient. In fact, they had not seen the patient at all. These doctors were disciplined by the DPR. Did Mr. Igasaki understand this? Well, if you read and understand Doc. 33 in 7th Circuit 18-3351, you will see that Mr. Igasaki was preoccupied with bed bugs.

29.     Defendant Igasaki's main witness was Complainant Denise Hunter. Ms. Hunter stated in plain and clear language that I had given her a pill in order to perform her Nuclear Medicine Bone Scan. Ms. Hunter stated this twice. Dr. Charles Neal, another witness of Mr. Igasaki, stated that a Nuclear Medicine Bone Scan cannot be performed using oral medicine. The Nuclear Medicine Bone Scan medicine must be given intravenously as is done everywhere on this planet. Yet, disregarding this serious misinformation by Ms. Hunter, and was confirmed by Dr. Charles Neal, Mr. Igasaki's own witness, as being misinformation, Mr. Igasaki did not drop the case, he continued it. And he was enabled to continue it by Defendants Laura Forester and Mark Thompson. In its Decision in 18-3351 filed on February 17, 2021, the 7th Circuit stated that Mr. Igasaki used "weak witnesses". This was an untruthful witness wrongfully testifying on the most fundamental aspect of Mr. Igasaki's own case. Mr. Igasaki thus:

        A.     introduced falsified or manufactured evidence,

        B.     practiced wrongful concealment of Dr. Phillips' Nuclear Medicine Consultation Report for Denise Hunter which shows the correct route of administration for a Nuclear Medicine Bone Scan;

        C.     withheld documents, *i.e.*, the Nuclear Medicine Consultation Report;

        D.     asserted as facts items which are not in evidence;

        E.     used improper arguments;

        F.     incorrectly vouched for the credibility of a witness;

        G.     mischaracterized evidence.

30.     The "Screen Shot View", see Exhibit B, heavily redacted by the State, Exhibit A, shows that Defendant Igasaki is the Individual who issued the "Final Order" in his underlying case against me. Dr. Phillips never saw the "Screen Shot View" until just prior to the deposition of Defendant Mark Thompson on August 20, 2020.

31.     In failing to reply to Dr. Phillips' "Letter of Petition", the Defendants failed to accord Dr. Phillips due process of law by not providing him with notice and a fair and prompt pre-deprivation hearing, including but not

limited to a hearing date, place and time, and notice of the charges leveled against him or otherwise apprising or providing him with an opportunity to be heard, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

32.     The acts and omissions of Defendants Cecilia Abundis, David Igasaki, Laura Forester, Mark Thompson, Peter M.C. Hoffman, M.D., and unknown John and Jane Doe were done with the power and authority vested in them as agents and employees of the State of Illinois, constitute violations of Plaintiff Dr. Phillips' rights under the Fourteenth Amendment of the United States Constitution.

33.     Defendants Cecilia Abundis, David Igasaki, Laura Forester, Mark Thompson, Peter M.C. Hoffman, M.D., and unknown John and Jane Doe committed such acts and omissions intentionally, knowing such acts and omissions violated Plaintiff Dr. Phillips' constitutional rights.

34.     The conduct of ignoring Plaintiff Dr. Phillips' "Letter of Petition " was done by Defendants Cecilia Abundis, Mark Thompson, Peter M.C. Hoffman, M.D., and unknown John and Jane Doe.

35.     The conduct of presenting Plaintiff Dr. Phillips with a "Settlement Agreement", see Exhibit C, in 16-cv-11157 was knowingly done by and through Defendants Laura Forester and Mark Thompson. Indeed, in his deposition of August 20, 2020,  Mr.Thompson stated that he "knew all about Mr. Igasaki". It is foundational that every citizen has a right of access to the federal court system. The "Settlement Agreement" wrongfully denies Dr. Phillips access to the federal court system. Yet, 16-cv-11157 was heard in the U.S. District Court, Chicago. Defendant Igasaki's appeal, 18-3351, regarding the dismissal by the U.S. District Court, Chicago, contesting the State's job action against him was heard and decided in the U.S. Court of Appeals for the Seventh Circuit as follows: Appellee's Defense Brief Doc. 33 filed on August 20, 2020; Oral Argument was heard on November 6, 2020; and, the Opinion and Decision of the 7th Circuit, Doc. 46 in 18-3351,  was filed on February 17, 2021.  None of the Defendants named and captioned herein are named in the "Settlement Agreement".

## Count III
### Class of One
### Violation of Equal Protection Provisions of the Fourteenth Amendment of the United States Constitution

36.     Dr. Phillips incorporates by reference Paragraphs 1 through 35.

7

37.     Exhibit D is the "Dispensing Ticket" lawfully issued by Mallinckrodt Radiopharmacy for one, and only one Nuclear Medicine Bone dose. This dose was provided to Dr. Phillips by Mallinckrodt for patient use by Dr. Phillips.

38.     The "Dispensing Ticket" is Number 00328022 and is dated June 17, 2008.

39.     Dr. Phillips could thereby perform one, and only one Nuclear Medicine Bone Scan test. This is what Dr. Phillips did.

40.     The Nuclear Medicine Consultation Report of Complainant Denise Hunter was in Mr. Igasaki's possession.

41.     After performing a "Limited History and Physical Exam", Dr. Phillips intravenously injected the radioactive pharmaceutical to Complainant Denise Hunter.

42.     In full and complete compliance with federal and State standards, Dr. Phillips injected one dose in the correct dosage amount as so stated in the Medicine Consultation Report of Complainant Denise Hunter.

43.     Thus. Mr. Igasaki participated in the

1.     Withholding of documentary evidence. The evidence being the necessity of conforming with federal and State laws such as, but not limited to the necessity of performing a history and physical exam before providing a prescription for patient use;

2.     Misstating or omitting laws and usual and customary practices of the Division of Professional Regulation such as, but not limited to  laws and practices regarding the requirement of having reason(s) for writing a prescription for patient care and patient use, *cf.*, Illinois Medical Practice Act;

3.     Introducing falsified or manufactured evidence such as, but not limited to requiring "bundling" of services and charges so that the payor cannot see what they are paying for, ignoring that Dr. Phillips had already disposed of his Analog GE equipment as per a GE non-service advisory. All such medical equipment notices must be approved by the U.S. Food and Drug Administration;

4.   Asserting as facts items which are not in evidence. At a pre-hearing conference in the presence of Mr. Igasaki, Dr. Phillips stated in plain and clear language that he no longer performed Analog studies because his Analog equipment had been disposed of.  Dr. Phillips had provided the DPR with a list of all patients seen by him and the studies performed for each patient. It was thereby obvious that Dr. Phillips was no longer performing Analog studies.  Why would I sign an "Agreed Order" for something I had already done?

5.   Using improper arguments. The United States Food and Drug Administration, the federal agency responsible for medical device oversight, never issued a directive stopping the use of Nuclear Medicine Analog equipment.  General Electric never issued a directive stopping the use of Nuclear Medicine equipment. Thus there was no need to punish or discipline Dr. Phillips for using Nuclear Medicine Analog equipment. Further, Dr. Phillips disposed of his Nuclear Medicine equipment when General Electric stopped servicing such equipment although many other independent third party service providers continued to service Nuclear Medicine Analog equipment;

6.   Vouching for the credibility of a witness named Dr. Charles Neal.  Dr. Neal never ordered radioactive pharmaceuticals for patient use and care under his own name.  Dr. Neal never did a history and physical exam for patients on whom he interpreted bone scans. Dr. Neal had never been in private practice. Dr. Neal never completed a full Nuclear Medicine residency program. Dr. Neal was a "weak witness" to use the exact words of the opinion of the 7th Circuit in No. 18-3351;

7.   Interfering with Plaintiff Dr. Phillips' Constitutional rights by not according Dr. Phillips the same treatment as similarly situated individuals.

WHEREFORE, Plaintiff Dr. Phillips prays the Court award:

A.    Compensatory damages exceeding $75,000. to compensate Dr. Phillips for the financial damages, damages to his personal and professional reputation, and emotional distress caused by the Defendants as well as malfeasant practices **repeated** by the State of Illinois.

B.    Reversal of the "Settlement Agreement" because of the denial of access to the federal court system and because of the State's own "Defense Brief", Doc. 33 in 18-3351 of the 7th Circuit showing a very troubled State staff attorney, Defendant Igasaki. Mr. Igasaki was allowed to continue to work by Defendants Laura Forester and Mark Thompson. Dr. Phillips thereby became Mr. Igasaki's victim.

C.    An award of reasonable attorney's fees where applicable, litigation expenses, and such other relief as the Court deems just.

## JURY DEMAND

Dr. Phillips demands a trial by jury on all claims for which he is entitled to trial by jury

Date:
January 26, 2023

Respectfully submitted,

*Arnold G Phillips, M.D.*

Arnold G. Phillips, M.D.
*pro se*
1420 Madison Drive
Buffalo Grove, IL 60089
phone:  847-913-8913
email:   agphil132@hotmail.com

## LIST OF EXHIBITS

**Exhibit A**
>    **Subject Matter: Letter of Petition**
>    **Pages: 2.**


**Exhibit B**
>    **Subject Matter: Screen  Shot View**
>    **Pages: 5.**


**Exhibit C**
>    **Subject Matter: Settlement Agreement**
>    **Pages: 4.**


**Exhibit D**
>    **Subject Matter: Radiopharmacy Dispensing Ticket**
>    **Pages: 1.**

October 7, 2022

Peter M.C. Hofmann, M.D.
Chairman
Illinois Medical Disciplinary Board
320 West Washington Street, 3rd Floor
Springfield, IL 62786

Dear Dr. Hofmann:

I am writing to petition the Illinois Medical Disciplinary Board to reactivate my Medical License which is Number 036.076706.

During his Deposition on August 20, 2020, IDFPR Deputy General Counsel Mark Thompson stated that I needed to petition the Illinois Medical Disciplinary Board to reactivate my Medical License.

My Medical License has not been suspended or revoked by the Illinois Medical Disciplinary Board.

Yours truly,

*Arnold G. Phillips, M.D.*

Arnold G. Phillips, M.D.
1420 Madison Drive
Buffalo, Grove, IL 60089
Phone: 847-913-8913

Certified Mail Receipt No. 7019-0140-0000-4951-4067.

Exhibit A Page 1 of 2



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PETER M.C. HOFFMAN, M.D.
CHAIRMAN
ILLINOIS MEDICAL DISCIPLINARY
320 W. WASHINGTON ST, 3rd BOARD
SPRINGFIELD, IL 62786

9590 9402 3508 7275 2994 18

2. Article Number (Transfer from service label)

7019 0140 0000 4951 4067

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ... Mail
   Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee $4.00
$ $3.75
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required         $ $0.00
☐ Adult Signature Restricted Delivery $ _____
Postage $0.60
$
Total Postage and Fees $8.85
$
Sent To P.M.C. HOFMAN M.D., CHAIRMAN, IL. MED. DIS-
Street and Apt. No., or PO Box No. CIPLINARY BOARD. 320 W. WASHINGTON ST. 3rd FL.
City, State, ZIP+4® SPRINGFIELD, IL 62786

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

7019 0140 0000 4951 4067

Exhibit A  Page 2 of 2

**Case View Screen** [update]

| | | | | |
|---|---|---|---|---|
| Case | 2008-10000 (PUBLIC) | Receiving Board | MEDICAL BOARD | Audit |
| Status | ADMINISTRATIVE REVIEW | Receiving Profession | LICENSED PHYSICIAN AND SURGEON | Entry Items |
| Date Opened | 11/25/2008 | Receiving Department | MD Inv Chief | Billing |
| | | Received By | Karen Schrock | Accounts |
| | | How Received | Citizen Complaint Internet | Case |
| | | Issues | | Documents |
| | | none | | Chr. Report |
| | | | | Legacy |

Comments:

## Attached Complaints

| Year - Number | Type | Respondent | Issue | Resolution |
|---|---|---|---|---|
| 2008-10000 | Complaint | Phillips, Arnold Gilbert | POSSIBLE PERFORMED EXCESSIVE AND UNNECESSARY TEST AND POSSIBLE FRAUDULENT BILLING | |

## Other Participants [add]

**Contacts Affiliated with Respondent**
Attorney: ALAN RHINE

## Resolution [update]

| | Resolution |
|---|---|
| | none |

Resolution Notes:

## Action Items [add] [show disciplines]

| Type | Assigned To | Activity | Due | Effective | Completed | Order Signed | Created ▲ | User |
|---|---|---|---|---|---|---|---|---|

Exhibit B   Page 1 of 5

OAG000292

|  | **Target:** | Arnold Gilbert Phillips MD,<br>038.076706 |  |  |  |  |
| --- | --- | --- | --- | --- | --- | --- |
|  | **Comments:** | DuPage Nuclear Medicine Clinic<br>710 E. Ogden Avenue<br>Suite 450<br>Naperville, IL 60563 |  |  |  |  |
| **DISCIPLINE Reason** |  | Public Information Office, TLOndrey | 08/22/2013 | 08/22/2013 | 09/04/2013 TLOndrey |  |
|  | **Target:** | Arnold Gilbert Phillips MD,<br>038.076706 |  |  |  |  |
|  | **Comments:** | because he billed a patient for duplicative imaging that duplicated the same information and billed the patient for a limited history and physical that was incidental to and should have been rolled into the charge for the main bone scan procedure. |  |  |  |  |
| **DISCIPLINE: Fine** |  | Adjudicative Services, TLOndrey | 08/22/2013 | 08/22/2013 | 09/04/2013 TLOndrey |  |
|  | **Target:** | Arnold Gilbert Phillips MD,<br>038.076706 |  |  |  |  |
|  | **Fine:** | Fine Overdue |  |  |  |  |
|  |  | Total Amount | $10,000.00 0010-0093-038-0900 |  |  |  |
|  |  | Amount Paid | $850.50<br>[details] |  |  |  |
|  | **Fine Warning:** | OUTSTANDING FINE |  |  |  |  |
|  | **Warning:** | Warning Type: | HAS BEEN DISCIPLINED |  |  |  |
|  |  | Warning Effective Date. | 09/04/2013 |  |  |  |
|  | **Comments:** | $10,000 fine due; eff 08/22/2013 |  |  |  |  |
| **DISCIPLINE: Reprimand** |  | Adjudicative Services, TLOndrey | 08/22/2013 | 08/22/2013 | 09/04/2013 TLOndrey |  |
|  | **Target:** | Arnold Gilbert Phillips MD,<br>038.076706 |  |  |  |  |
|  | **Warning:** | Warning Type: | HAS BEEN DISCIPLINED |  |  |  |
|  |  | Warning Effective Date: | 09/04/2013 |  |  |  |
|  | **Comments:** | license reprimanded; eff 08/22/2013 |  |  |  |  |
| **DISCIPLINE: Other** |  | Adjudicative Services, TLOndrey | 08/22/2013 | 08/22/2013 | 09/04/2013 TLOndrey |  |
|  | **Target:** | Arnold Gilbert Phillips MD,<br>038.076706 |  |  |  |  |
|  | **Comments:** | Motion for Rehearing is Denied; eff 08/22/2013 |  |  |  |  |
| **Order Signed By The Director** |  | Adjudicative Services, TLOndrey | 08/22/2013 | 08/22/2013 | 09/04/2013 TLOndrey |  |
|  | **Target:** | Arnold Gilbert Phillips MD,<br>038.076706 |  |  |  |  |
|  | **Case Status:** | Status Changed To: | CLOSED ADJUDICATION COMPLETE |  |  |  |
|  | **Action Info:** | TYPE OF ORDER: | Formal |  |  |  |
|  |  | RESPONSIBLE FOR ORDER: | Igasaki, David |  |  |  |
|  | **Violations:** | DISHONORABLE, UNETHICAL, OR UNPROFESSIONAL CONDUCT, OBTAINING FEE BY FRAUD, DECEIT, OR MISREPRESENTATION |  |  |  |  |



OAG000293



OAG000294



OAG000295



Exhibit B   Page 5 of 5

OAG000296

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARNOLD G. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | 16 CV 11157 |
| | ) | |
| v. | ) | District Judge Virginia M. Kendall |
| | ) | |
| ILLINOIS DEPARTMENT OF FINANCIAL | ) | Magistrate Judge Maria Valdez |
| REGULATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between Arnold Phillips ("Plaintiff") and Bryan A. Schneider, Jessica A. Baer, Manuel Flores, Jay Stewart, Jeff Read, Ruth Davis (formerly Ruth Lawson), and Ed Pruitt, ("Defendants"), collectively referred to as "Parties."

### RECITALS

Plaintiff filed the above-captioned lawsuit alleging violations of rights protected by statute(s), regulation(s), common law, the Constitution of the State of Illinois and/or the Constitution of the United States (hereinafter referred to as the "Action").

Defendants deny the allegations and affirmatively state that Plaintiff has failed to state a claim upon which relief can be granted.

To avoid further expense and in recognition of the Parties' position, the Parties wish to settle, compromise and terminate this Action;

### TERMS

The Parties agree to the following:

1. In consideration for the full and complete settlement of this claim, Plaintiff shall receive $37,000.00 ("Settlement Amount") payable from appropriations made to

Exhibit C  Page 1 of 4

1

the Illinois Department of Central Management Services pursuant to 20 ILCS 405/405-105(12). The Settlement Amount shall be made payable to Arnold Phillips and Steven W. Becker of the Law Office of Steven W. Becker, L.L.C. No individual defendant shall be responsible for payment of any sum under this Agreement.

2.      The Parties understand that the Settlement Amount is subject to the availability of funds in the State Treasury and the operations of the State Comptroller's office in processing vouchers for payment and withholding funds that Plaintiff may owe to other persons or to state agencies. Plaintiff may contest the validity of these claims through applicable state procedures. Plaintiff and his attorneys shall submit W-9 forms and any other documents reasonably requested to effectuate the payment.

3.      The above-tendered consideration is not to be construed as an admission of any liability.

4.      Plaintiff and his heirs, successors, assigns, and all other persons acting on Plaintiff's behalf release and forever discharge Defendant(s) and the State of Illinois, its agencies and their agents, former and present employees, successors, heirs, and assigns and all other persons acting on their behalf from all actions, claims and demands of any kind that arose or could have arisen from the facts alleged or claims made in the Action, whether known or unknown, up to the effective date of this Agreement. Plaintiff and Plaintiff's attorney release, waive, and relinquish any claim or right to attorney fees, costs, or expenses allegedly incurred or due under any statute, rule, or common law provision.

5.      Plaintiff agrees to dismiss the Action with prejudice and without attorney fees, costs, or expenses by submitting a fully executed Stipulation to Dismiss to the Court for entry of an order reflecting said dismissal within 20 days of full execution of this Agreement.

Exhibit C  Page 2 of 4                2

6.      This Agreement contains the entire agreement between the Parties.  No promise has been made to pay or give Plaintiff any consideration other than as stated in this Agreement.  All the Parties' agreements, covenants, commitments and warranties, express or implied, oral or written, concerning this Agreement's subject matter are contained in this Agreement.

7.      Plaintiff enters into this Agreement as a free and voluntary act with full knowledge of its legal consequences, and in doing so represents and warrants that he has not relied on any information or representation by Defendant(s), their counsel, or other agents, oral or written, that are not contained in this Agreement.

8.      This Agreement shall be construed and interpreted in accordance with the laws of the State of Illinois, without regard to principles of conflict of laws.

9.      This Agreement may not be changed, modified or assigned except by written agreement of Plaintiff, the Illinois Department of Financial and Professional Regulation, and the Illinois Attorney General.

10.      Plaintiff shall not file this Agreement in any court. Plaintiff shall not disclose to anyone the Agreement's terms and conditions or other terms or related particulars discussed in settlement negotiations, except as necessary to enforce Agreement terms or as expressly required by law. On inquiry, Plaintiff and their attorney shall simply state that these matters were settled to the satisfaction of the Parties.

11.      This Agreement shall not be construed to constitute a waiver of sovereign immunity of the State of Illinois or the Illinois Department of Financial and Professional Regulation.

12.      If any provision of this Agreement is declared invalid or unenforceable, the balance of this agreement shall remain in full force and effect.

Exhibit C  Page 3 of 4                                    3

13.     This Agreement may be executed in multiple counterparts and shall be deemed effective when executed by all the Parties.


AGREED:

*Arnold H. Phillips*
_____
Plaintiff Arnold Phillips

*April 27, 2021*
_____
Date


_____
Steven W. Becker
Law Office of Steven W. Becker, L.L.C.
Counsel for Plaintiff

_____
Date


_____
Kelly C. Bauer
Assistant Attorney General
Counsel for Defendant(s)

_____
Date


_____
On behalf of the Illinois Department
of Financial and Professional Regulation

_____
Date


_____
Title


Exhibit C   Page 4 of 4

General Settlement Agreement (Indemnity Fund)
Rev. 2-24-20



Exhibit D   Page 1 of 1